**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Dated: 02:11 PM April 10, 2019

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DANIELLE LYNN DOWNEY, | ) | CASE NO. 18-62284 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

     Chapter 7 trustee Lisa M. Barbacci ("Trustee") filed a motion to vacate the court's order waiving the case filing fee. Debtor opposed the motion. The court held a hearing on April 8, 2019, attended by Trustee and Jennifer Donahue, counsel for Debtor.

     The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. The court has authority to issue final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

     This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed an individual chapter 7 petition on November 13, 2018. On the same day, she filed an Application to Waive the Filing Fee, which the court granted on November 14, 2019. Debtor is married with three dependent children. Per her schedules, the combined monthly net income at filing was $2,340.06 and her expenses were $2,338.81, leaving $1.25 per month in disposable income.

In her petition, Debtor disclosed that she anticipated federal and state tax refunds totaling $7,669.00. She claimed $7,282.00 as exemption under O.R.C. § 2329.66(A)(9)(f) and $387.00 as exempt under 2329.66(A)(18). The actual filed returns show she will receive $7,588.00.

In the order waiving the filing fee, the court found Debtor was below the applicable poverty income for the fee waiver, and concluded she did not have sufficient disposable income to pay the filing fee in installments. It did not consider the anticipated refunds in its analysis.

Since filing, Debtor's circumstances have changed. Her husband is no longer working. Her monthly net income has declined to $1,372.00 per month. Her expenses are unchanged.

## DISCUSSION

Trustee seeks relief from the order granting Debtor a filing fee waiver. Bankruptcy Rule 9024, incorporating Federal Civil Rule 60, governs her request. Under Rule 60(a), a court can set aside a judgment for clerical errors. The court finds this situation surpasses a simple clerical error. Consequently, the court will review Trustee's request under Rule 60(b). Specifically, Rule 60(b)(1) provides grounds for relief upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.Pro. 60(b)(1). A 60(b)(1) motion is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000) (quoting Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999)). The court finds it made a mistake of law in failing to consider the tax refunds in analyzing Debtor's eligibility for the fee waiver.

The court routinely considers tax refunds when reviewing fee waiver requests, often issuing preliminary order requesting copies of the federal return. In re Akin, Case No. 19-60365 (Bankr N.D. Ohio 2019); In re Boggess, Case No. 19-60018 (Bankr. N.D. Ohio 2019); In re Ernsberger, Case No. 19-60304 (Bankr. N.D. Ohio 2019). It also denies fee waivers when a debtor has the ability to pay the fee as the result of a tax refund. In re Day, Case No. 17-62400 (Bankr. N.D. Ohio 2018); In re Mossman, Case No. 17-62788 (Bankr. N.D. Ohio 2018). The court cites these cases as proof that its failure to consider Debtor's income tax refunds was a mistake and outside the court's standard review. Moreover, other courts determined that tax refunds constitute a

source for payment of the filing fee. In re Hayes, 581 B.R. 509 (Bankr. W.D. Mich. 2018); In re Coleman, 2011 WL 710456 (Bankr. M.D. Ala. 2011); In re Brooks, 475 B.R. 343 (Bankr. W.D.N.Y. 2012).

Since Debtor had nominal disposable income before the tax refunds, the tax refunds create additional disposable income because they are not necessary to pay Debtor's itemized household expenses. Brooks, 475 B.R. 343. Over the course of the year, the refunds provide the equivalent of $632.00 monthly. This additional income clearly supports payment of the filing fee.

Debtor raised several arguments in response to Trustee's motion, none of which are well-taken.

Debtor argues that her changed circumstances since filing support a fee waiver. Applications to waive the case filing fee are determined at the time the case is filed. In re Spisak, 361 B.R. 408, 412 (Bankr. D. Vt. 2007) ("Congress appears to have envisioned that a debtor would file a fee waiver application at the same time he or she files a bankruptcy petition . . . and that the Court would promptly rule on the application." (citation omitted)). If denied, this allows the court to establish an installment payment schedule of 120 days, but no longer than 180 days, from the filing date, as required by the Bankruptcy Rules. Fed.R.Bankr.Pro. 1006(b)(2). Rule 1006 "clearly anticipates that a petitioner's eligibility for a fee waiver should be determined early in the proceeding (prior to the meeting of creditors) so if he or she is required to pay in installments, those payments can be completed 'not later than 120 days after filing the petition.'" In re Markison, 367 B.R. 491, 495 (Bankr. D. Vt. 2007).

Case law supports review as of the date of filing. In a case involving debtors who had the ability to pay when they filed, but whose changed circumstances supported a fee waiver at a hearing less than one month later, the court concluded public policy supported review as of the filing date. In re Lephew, 380 B.R. 171 (Bankr. W.D. Va. 2007). Similarly, a sister court refused to grant a waiver to a debtor whose income was above the applicable poverty threshold at filing but who was subject to a postpetition layoff that would drop her below the threshold. In re Bussey, 2014 WL 2765703 (Bankr. N.D. Ohio 2014). The court must agree. When it is apparent on the date of filing that a debtor has the ability to pay the filing fee, a waiver is not appropriate, even if changed circumstances later support waiver.

Debtor also contends the exemptions provide protection for the tax refunds, which the court rejects. When the Bankruptcy Code was amended to permit fee waivers in 2005, the Judicial Conference of the United States ("Judicial Conference") established guidelines to aid the courts in review of fee waiver applications. See In re Stickney, 370 B.R. 31 (Bankr. D. N.H. 2007). The Judicial Conference encourage review of the "totality of the circumstances" and this standard has been adopted by numerous courts. Id. at 40 (citations omitted). One factor repeatedly cited as a consideration in the totality of the circumstances test is whether the debtor has any exempt property from which the filing fee could be paid. In re Machia, 360 B.R. 416 (Bankr. D. Vt. 2007) (citing Spisak, 361 B.R. 408, 414)). Exempt tax refunds have repeatedly

been found to be available to pay the filing fee.  In re Coleman, 2011 WL 710456 (Bankr. M.D. Ala. 2011); In re Kauffman, 354 B.R. 682 (Bankr. D. Vt. 2006); Hayes, 581 B.R. 509; In re Lovan, 2015 WL 2029665 (Bankr. S.D. Iowa 2015).

     Moreover, the order approving the fee waiver clearly states that waiver is subject to revocation if circumstances indicate the waiver was unwarranted.  This case presents such a scenario.  Debtor had the ability to pay the filing fee as of the filing date from the anticipated tax refunds.  The court's failure to consider those refunds in its fee waiver order should not be a means to burden the taxpayers or the Trustee, who will not receive any compensation if the fee remains waived.  Trustee's motion will be **GRANTED** by separate order to be entered immediately.

#     #     #

**Service List:**

Kenneth L. Sheppard, Jr.
Sheppard Law Offices Co LPA
Belden Village Tower, Ste. 200
4450 Belden Village St., NW
Canton, OH 44718

Lisa M. Barbacci
PO Box 1299
Medina, OH 44258-1299

Danielle Lynn Downey
724 High Avenue SW
Canton, OH 44707

4

18-62284-rk    Doc 25    FILED 04/10/19    ENTERED 04/10/19 15:26:39    Page 4 of 4